IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CY VIATOR, § | |
| #84803-379, § | |
| MOVANT, § | |
| § | |
| V. § | CASE NO. 3:20-CV-531-D-BK |
| § | (CRIMINAL NO. 3:15-CR-044-D-24) |
| UNITED STATES OF AMERICA, § | |
| RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, movant Cy Viator's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the motion should be **DENIED**.

**I.   BACKGROUND**

In 2016, Viator pled guilty without any plea agreement to both counts of the indictment in which he was charged: Count One, charging conspiracy to distribute a controlled substance, and Count Two, charging unlawful use of a communication facility; he was subsequently sentenced to 140 months' imprisonment. Crim. Doc. 1122 at 2. Finding that no non-frivolous issues were raised, the Court of Appeals for the Fifth Circuit later dismissed Viator's direct appeal. *United States v. Viator,* 770 F. App'x 223 (5th Cir. 2019). Viator then timely filed this *pro se* § 2255 motion. Doc. 6.

He complains that (1) his sentence is substantively unreasonable because of the disparity between it and those of his codefendants; (2) his attorney was ineffective for (a) failing to

adequately investigate his criminal history, resulting in a higher sentence, (b) failing to investigate the criminal histories of codefendants in relation to his sentence disparity argument, (c) failing to obtain transcripts of jail calls between himself and a coconspirator that had impeachment value, (d) misadvising him not to use the opportunity to allocute at sentencing to argue sentencing issues, and (e) misadvising him before his guilty plea of the likely guideline calculations; (3) the PSR erroneously included a two-level enhancement for using a firearm and two criminal history points for committing the offense while under a criminal justice sentence, (4) his sentence was increased by the government's "bad faith dealing" in attributing to him drug quantities outside of the two counts to which he pled guilty, and (5) the Government violated *Brady*[1] by failing to produce at his *pro se* request certain impeachment evidence, to-wit: his jail-recorded phone conversations with an unindicted coconspirator and certain imprisoned codefendants to testify in person at his sentencing hearing. Doc. 6 at 13-32. The government filed a response in opposition, Doc. 13, and Viator has filed a reply, Doc. 14.

Upon review, the Court finds that Viator's claims are procedurally defaulted and meritless. Thus, his § 2255 motion should be denied.

## II.    ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Under § 2255, a petitioner can collaterally challenge his conviction "only

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

    **A.**  **Sentencing and Prosecutorial Misconduct Claims are Procedurally Barred**

  Viator asserts that (1) his sentence of imprisonment was substantively unreasonable because it was longer than those received by co-conspirators who were equally or more culpable; (2) the government acted in bad faith by attributing to him additional drug quantities and sentencing enhancements based on conduct not related to the two offenses of conviction, and (3) the government committed misconduct by (a) failing to disclose impeachment evidence— specifically his recorded jail calls with a coconspirator upon whose uncorroborated statements additional drug quantities were attributed to Viator, and (b) opposing his *pro se* request that incarcerated codefendants be produced to testify at sentencing so that the veracity of their statements attributing additional relevant conduct to Viator could be challenged. Doc. 6 at 13, 19, 27. However, as Viator did not raise either of these claims on direct appeal, they are procedurally defaulted absent a showing of cause and prejudice and that he is "actually innocent" of the crime for which he was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)); *United States v. Alanis*, 88 F. App'x 15, 22 (5th Cir. 2004) (prosecutorial misconduct claim must first be raised on direct appeal). Viator offers nothing to satisfy the cause-and-actual prejudice or the actual innocence exception. As such, these claims fail.

    **B.**  **Sentencing Guidelines Claims are not Cognizable**

  Viator also challenges the dangerous-weapon enhancement under the Sentencing Guidelines, claiming the firearms found in his apartment were not connected to drug trafficking. Doc. 6 at 21. However, his claim is not cognizable on § 2255 review. *See United States v.*

*Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (holding misapplication of sentencing guidelines does not give rise to a constitutional issue).

### C. Ineffective Assistance of Counsel Claims Fail

Viator also asserts that he was deprived of the effective assistance of counsel, in violation of the Sixth Amendment. Doc. 6 at 29. To succeed on such a claim, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. Establishing prejudice requires the movant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. To establish prejudice in the sentencing context, the movant must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

#### 1. Failure to Investigate Favorable Evidence

Viator alleges his counsel was constitutionally ineffective for failing to properly investigate favorable evidence, specifically impeachment evidence that would have been found in jail phone calls between him and unindicted coconspirator Tariq Campbell, upon whose

proffer additional drug quantities were attributed to Viator. Doc. 6 at 30-31. However, Viator's premise is faulty since his counsel did subpoena recordings of the jail phone calls, but the Bureau of Prisons could not produce the recordings as they were no longer available. Doc. 6 at 50-54. Viator's assertion that a detention officer actually "pulled up the calls and provided [him] with the exact date and times of the calls" is at best conclusory and does not establish the recordings were in fact attainable. Doc. 6 at 30; *see also* Doc. 6 at 54 (e-mail exchange with defense counsel). Therefore, Viator fails to meet the first prong of the *Strickland* test as counsel's actions did not fall outside the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Viator also fails to meet the prejudice prong. *Glover*, 531 U.S. at 203-04. Indeed, he offers only vague and conclusory assertions that obtaining the information from the phone calls would have resulted in him receiving a lower sentence. And to the degree that Viator may imply that the Court would have discounted as unreliable the information proffered by Campbell, it is mere conjecture and, thus, insufficient to establish prejudice. *See* Doc. 6 at 30-31 (arguing the information obtained through Campbell's proffers was used to determine Viator's guideline range); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case." (citations omitted)). Accordingly, this claim also fails.

        2.     *Misadvice Regarding Guideline Range*

Viator asserts that his counsel misadvised him regarding the calculation of the guideline range before he pled guilty, estimating his guideline range at only 84-105 months instead of the 240-288 months reflected in the Presentence Report. Doc. 6 at 31. Specifically, he avers that

"counsel was ineffective by misguiding information … to secure a guilty plea from Viator." Doc. 6 at 31-32. Notably, Viator does not contend, much less show, that but for the wrong estimate he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In any event, only an actual promise from counsel would have resulted in an involuntary plea—not "prediction, prognosis, or statement of probabilities . . . ." *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989). Because Viator fails to meet the prejudice prong, he cannot prevail on this claim.

>    3.    *Misadvice Regarding Allocution Statement*

Viator also asserts that his counsel provided ineffective assistance by suggesting that he only apologize for his actions during his allocution at sentencing, rather than argue sentencing issues. Doc. 6 at 32. Viator's vague and bare assertion is insufficient to plead a Sixth Amendment claim—namely that counsel's advice was deficient and that he was prejudiced by it. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim and noting that "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue" (quotations and quoted case omitted)).

That notwithstanding, the claim fails on the merits. Viator contends that during his allocution "he could have … made the Court aware of [the] issues" and objections that counsel failed to raise at sentencing. Doc. 6 at 32. However, as the Government correctly argues, if counsel's tactical advice "is 'conscious and informed ... [it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire [proceeding] with obvious unfairness.'" *United States v. Cavitt*, 550 F.3d 430, 440 (5th Cir. 2008) (quoting *Crane v. Johnson,* 178 F.3d 309, 314 (5th Cir. 1999)). Here, there is no

reason to believe that counsel's advice was improper under the circumstances. Therefore, this claim has no merit.

    4.    *Failure to Investigate Codefendants' Criminal Histories*

Viator alleges that his counsel was constitutionally ineffective in failing to investigate his codefendants' criminal histories to highlight the disparity between his guideline sentencing range and his codefendants' sentences. Doc. 6 at 32. Again, Viator makes only insufficient conclusory allegations and fails to demonstrate with specificity what favorable evidence would have been found or how it would have resulted in a lower sentence for him. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."). That notwithstanding, the Court did, in fact, compare the criminal histories and found Viator's criminal history to be "much more serious" than that of the other co-defendants. Crim. Doc. 1154 at 23-24 ("This is a defendant who is in criminal history category 6. And even if that is considered to be over[-]representative and too high, [Viator] would still be in criminal history category 5, which is among the most serious criminal history categories."). On this record, Viator's contention is simply frivolous. Thus, this claim likewise fails.

    5.    *Failure to Raise Issues in the Trial Court and on Appeal*

In his reply, Viator argues for the first time that both trial and appellate counsel refused "to do their job in a professional manner," thus, he "was forced to file *pro se* motions and direct appeal." Doc. 14 at 2-3. As an initial matter, the Court is under no obligation to consider claims raised for the first time in a reply brief. *Cf. United States v. Jackson,* 426 F.3d 301, 304 n. 2 (5th

Cir. 2005) ( "Arguments raised for the first time in a reply brief, even by pro se litigants ... are waived."). Nevertheless, Viator's claim wholly lacks merit.

As before, Viator's claim of ineffective assistance of trial and appellate counsel lacks the requisite specificity. However, assuming that as to trial counsel, Viator is referencing the issues already addressed herein, he is wrong for the reasons previously stated. And as to appellate counsel, Viator was not forced to raise issues on appeal, but was given the opportunity to do so. Viator's counsel filed an *Anders* Brief,[2] Viator filed a response, and the Court of Appeals for the Fifth Circuit "concur[red] with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review." *Viator*, 770 F. App'x at 224. "The law-of-the-case doctrine generally precludes reexamination of issues of law or fact decided on appeal. . . ." *Pondexter v. Quarterman,* 537 F.3d 511, 523 (5th Cir. 2008) (internal quotation and citation omitted). Thus, Viator clearly fails in his fundamental burden to establish that there were non-frivolous issues for appellate counsel to raise on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (requiring movant to show that a reasonably competent attorney would have found that at least one of his claims presented a non-frivolous issue to establish ineffective assistance of counsel on appeal).

### III.  CONCLUSION

For the foregoing reasons, Viator's § 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on April 7, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] *See Anders v. California*, 386 U.S. 738 (1967).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).